# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs July 30, 2009

## ANNE S. WILSON v. SCOTT BOWMAN

**Appeal from the Chancery Court for Davidson County**
**No. 06-1125-II    Carol L. McCoy, Chancellor**

---

**No. M2009-01382-COA-R10-CV - Filed August 13, 2009**

---

FRANK G. CLEMENT, JR., J., concurring.

I write separately to state that I believe the issue is controlled by Tenn. R. Civ. P. 24, particularly subsections (c), (e) and (f), wherein the respective rights and responsibilities of the appellant, the appellee and the trial court are stated.

No court reporter was present for the trial; thus, a transcript of the evidence notarized by a court reporter is not an option. However, the trial court has a recording device in its courtroom, which is used to record its courtroom proceedings. Although the actual recording (CD-ROM) may not be used as a transcript of the evidence or a statement of the evidence,[1] the appellant and appellee may prepare a statement of the evidence from the recording and present a proposed statement of the evidence for the trial court's approval pursuant to Tenn. R. Civ. P. 24(c).

> The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. . . . If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

---

[1] An exception to this is in Rule 8, Local Rules of Practice, Davidson County Trial Courts. This rule authorizes the Sixth Circuit Court of Davidson County to use audio-video recordings as the official record of court proceedings pursuant to Supreme Court Rule 26. Supreme Court Rule 26 only pertains to a court of record "authorized" by the Supreme Court of Tennessee to use videotape or CD-ROM recording of court proceedings. The Chancery Court, from which this appeal arises, is not authorized to use such recordings as the official record.

Tenn. R. Civ. P. 24(c).

Subsection (e) of Tenn. R. Civ. P. 24 provides, in pertinent part, that

any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. . . .

Also relevant to the issue on appeal is Tenn. R. Civ. P. 24(f), which provides in pertinent part that "[t]he trial judge *shall* approve . . . the statement of the evidence and *shall* authenticate the exhibits as soon as practicable after the filing thereof or after the expiration of the 15-day period for objections by appellee, as the case may be, . . ." Tenn. R. Civ. P. 24(f) (emphasis added).

As for Rule 8 of the Local Rules of Practice, Davidson County Trial Courts, upon which the trial court erroneously relied to reject the appellant's statement of the evidence, I fully concur with the majority that Rule 8 is not a basis upon which to refuse to approve the proposed statement of the evidence. Whether the proposed statement of the evidence should be approved simply requires a determination of whether the statement conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. Civ. P. 24(c). It is the duty of the trial judge to make that determination. As this court has stated in prior proceedings wherein preliminary disputes have arisen concerning the approval by the trial court of a statement of the evidence:

Tenn. R. App. P. 24(c) provides that disputes over the statement of the evidence are to be resolved by the trial court in accordance with Tenn. R. App. P. 24(e). Tenn. R. App. P. 24(e) contemplates that, in resolving such disputes, the trial court will ensure the record accurately discloses what occurred in the trial court. Where a statement of the evidence has been filed in accordance with Tenn. R. App. P. 24(c) and a dispute over the accuracy of the statement has arisen, the trial court's duty to resolve the dispute will generally require it to approve a statement of the evidence that conveys a fair, accurate and complete account of what transpired in the trial court. The trial court will normally approve either the statement of the evidence filed by the appellant or an alternate version submitted by the appellee. If neither party has submitted a statement of the evidence which, in the trial court's opinion, represents a fair, accurate and complete account of what transpired in the trial court, then the trial court may give the parties an opportunity to correct the accuracy of their statements or the trial court may prepare its own statement of the evidence. Under normal circumstances, the trial court should not decline to approve any statement of the evidence and thereby leave the appellant with an inadequate record to pursue the appeal.

-2-

Accordingly, I submit the trial court has the affirmative duty to review the statement of the evidence prepared by the appellant, and any objections by the appellee. If necessary, the trial court may give the parties an opportunity to correct the accuracy of the proposed statement. If that fails, the trial court may prepare its own statement of the evidence. In any event, the trial court should not decline to approve any and all statements of the evidence and thereby leave the appellant with an inadequate record to pursue the appeal.

_____
FRANK G. CLEMENT, JR., JUDGE